**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

ACTIVE RESOURCES, INC.
and JON NIX,

                Plaintiffs,

v.                             CIVIL ACTION NO.   2:22-cv-00172

JACK HAGEWOOD and
GLACIER RESOURCES, LLC,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Plaintiffs' Motion to Remand to State Court* (Document 5), the *Memorandum in Support of Plaintiffs' Motion to Remand to State Court* (Document 6), the *Defendants Jack Hagewood and Glacier Resources, LLC's Response in Opposition to Plaintiffs' Motion to Remand to State Court* (Document 7), and the *Reply in Support of Plaintiffs' Motion to Remand to State Court* (Document 10).   For the reasons stated herein, the Court finds that the motion to remand should be granted.

**FACTS AND PROCEDURAL HISTORY**

On January 6, 2022, the Plaintiffs, Active Resources, Inc., and Jon Nix, filed a *Petition to Enforce Settlement Agreement* ("Complaint") in the Circuit Court of Fayette County, West Virginia. (Document 1-1). On April 8, 2022, the Defendants, Jack Hagewood and Glacier Resources, LLC, removed the case to this Court, purportedly based on diversity jurisdiction. (Document 1).   Plaintiff Active Resources, Inc., is a Delaware Corporation with its principal place of business in Tennessee, and Plaintiff Jon Nix is a citizen of Tennessee. (Document 1-1).   There

is no dispute that the Defendants are both citizens of West Virginia.[1] (Document 1). Additionally, the alleged amount in controversy exceeds $75,000 (Document 1).

Upon removal, the Defendants also filed a counterclaim against the Plaintiffs and added JJ Resources, LLC, a corporation related to the Plaintiffs, as a third-party defendant. On April 20, 2022, the Plaintiffs moved to remand this case to the state court citing the forum defendant rule and the alleged untimeliness of the Defendants' removal. (Document 5).

The case arises from the Defendants' alleged violation of a settlement agreement on December 23, 2019, and Defendant Hagewood's breach of his fiduciary duties. (Document 1-1). This alleged violation of the settlement agreement occurred in connection with a separate lawsuit pending in McDowell County, West Virginia, and is based on Defendant Hagewood signing an affidavit in that action[2] (Document 1-2).

In the *Notice of Removal*, the Defendants state that "[o]n or about the 10th day of January 2022, Defendants received service of the Summons and Complaint in the Circuit Court action via service on the West Virginia Secretary of State." (Document 1). Further, it notes the addition of what it initially refers to as a "Counterclaim Defendant" but appears more accurately to be a third-party claim against JJ Resources, LLC.[3] (Document 1). The *Notice of Removal* does not allege any deficiencies in service or potential fraud in the joinder of any defendant.

---

1 The Defendants do not contest that they are each residents of the forum state. Instead, they contest whether they are properly joined and served as required by the removal statute.

2 Defendant Hagewood serves as the agent of Glacier Resources, LLC, but Glacier Resources was not specifically a party to the affidavit. While Glacier Resources was not a party to the affidavit, the affidavit includes language indicating Mr. Hagewood was acting partially in a representative capacity for Glacier Resources, LLC. At the end, the affidavit states, "[e]ntering into this agreement is not intended to be, nor shall it be construed to be, an admission of guilt against Jack Hagewood nor Glacier Resources, LLC." (Document 1-2).

3 JJ Resources, LLC is a Delaware corporation with its principal office in Tennessee. (Document 1).

**DISCUSSION**

The Plaintiffs assert that removal of this matter was improper and seek remand to the state court.   They argue that the forum defendant rule precludes removal of this action because the only two named defendants are residents of West Virginia where the state action was filed and served. Further, they argue that the removal is also untimely because the Defendants did not remove the case within thirty (30) days of service of summons.   Finally, they claim that because the Defendants lacked an objectively reasonable basis for removal, Plaintiffs are entitled to an award of attorney's fees.

In response, the Defendants argue that removal was proper due to the inapplicability of the forum defendant rule "pursuant to the last-served defendant rule." (Document 7). Although it is not set forth in their Notice of Removal, they argue that Defendant Jack Hagewood was not properly served, and that Defendant Glacier Resources, LLC, was fraudulently joined.   Therefore, they take the position that neither named defendant is "properly joined and served" as required by the forum defendant rule and, therefore, the rule does not support remand.   Further, they argue that removal was timely because, under West Virginia law, defense counsel's status as a state legislator during legislative session allowed for a statutory exception to the 30-day time frame set forth in the removal statute.   Finally, they argue that even if remand is ordered, attorney's fees are unwarranted because an objectively reasonable basis for removal existed.

*A. Removal and Remand*

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction.   28 U.S.C. § 1441(a).[4]   This Court has original

---

4 Section 1441 states in pertinent part:

jurisdiction of all civil actions between citizens of different states or between citizens of a state and citizens or subjects of a foreign state where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.   28 U.S.C. § 1332(a)(1)-(2).   Generally, every defendant must be a citizen of a state different from every plaintiff for complete diversity to exist. Diversity of citizenship must be established at the time of removal.   *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1998).   However, a case that is otherwise removable based on diversity jurisdiction, is not removable if any of the defendants properly joined and served are citizens of the forum state. 28 U.S.C. §1441(b)(2)[5].   This rule, known as the "forum defendant rule" is "separate and apart from the statute conferring diversity jurisdiction" and serves to constrain removal in these circumstances. *Phillips Construction, LLC, v. Daniels Law Firm, PLLC*, 93 F. Supp. 3d 544, 548 (S.D.W.Va. 2015) (citations omitted).

The procedure by which a defendant may remove a case to a district court under Section 1441 is governed by Section 1446.   Section 1446 requires that "[a] defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal."   28 U.S.C. § 1446(a).   Additionally, Section 1446 requires a defendant to file a notice of removal within thirty days after receipt of the initial pleading.   It is

---

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

5   Section 1441(b)(2) provides: "A civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. §1441(b)(2) ("Forum Defendant Rule").

4

a long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *Strawn et al. v. AT&T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted).  Further, "[b]ecause removal of civil cases from state to federal court infringes state sovereignty, courts strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Phillips Construction, LLC,* 93 F. Supp. 3d at 547 (citing cases). The Court will initially address the application of the forum defendant rule.

Although the plain, unambiguous language of the forum defendant rule requires "properly joined and served defendants" its strict application to a scenario where the only potential defendants are residents of the forum state, but not "properly joined and served", would create an untenable, illogical, and absurd result. See *Phillips Construction, LLC,* 93 F. Supp. 3d at 553-56. In other words, 'properly joined and served' defendants, who are residents of the forum state, are precluded from invoking federal jurisdiction under the rule.  A strict reading of the rule would, however, imply that forum defendants, who are *not* "properly joined and served" could defeat the application of the rule and invoke the court's jurisdiction.  This is clearly an absurdity where the only defendants are forum defendants.

Despite failing to raise any issues of improper service or fraudulent joinder in the *Notice of Removal*, the Defendants argue that the forum defendant rule does not justify remand because one of the Defendants was fraudulently joined and the other was not properly served.  So, the key question presented is whether the descriptive phrase "properly joined and served" in the rule

5

requires a plaintiff to properly join and serve resident defendants before the forum-defendant rule can operate as a basis for remand.[6]   The plain language of the text of the statute appears to answer this question in the affirmative.   In the Fourth Circuit, "[t]he general rule is that unless there is some ambiguity in the language of a statute, a court's analysis must end with the statute's plain language (the Plain Meaning Rule)." *Hillman v. I.R.S.*, 263 F.3d 338, 342 (4th Cir. 2001) (citing *Caminetti v. United States*, 242 U.S. 470, 485 (1917)).   However, the plain meaning rule does not apply either: (1) "when literal application of the statute produces an outcome that is demonstrably at odds with clearly expressed congressional intent to the contrary." *Id.* (citing *Sigmon Coal Co. v. Apfel*, 226 F.3d 291, 304 (4th Cir.2000)); or (2) "when literal application of the statutory language at issue 'results in an outcome that can truly be characterized as absurd, i.e., that is so gross as to shock the general moral or common sense.'" *Id.*   "If either of these exceptions apply, then [the court] can look beyond an unambiguous statute and consult legislative history to divine its meaning." *Id.* (internal quotation marks and citation omitted).

Generally, the forum defendant rule operates as an exception to diversity jurisdiction. The language of the statute, however, limits this exception to the scenario where a defendant citizen of the forum state is both "properly joined and served." 28 U.S.C. §1441(b)(2).   Removal based upon diversity jurisdiction is typically allowed, in part, to allow the defendant to avoid any potential concerns about local bias against an out-of-state defendant. *See Councell v. Homer Laughlin China Co.,* 823 F.Supp.2d 370, 377 (N.D.W.Va. 2011).   However, when a defendant is sued in his home state, those concerns are not present. *Id.*   The forum defendant rule thus returns control to the

---

6 The Court notes that the descriptive term "properly joined and served" is not unique to the forum defendant rule but is referenced in 28 U.S.C. 1446 (2)(A) which states "When a civil action is removed solely under section 1441(a), all defendants who have been *properly joined and served* must join in or consent to the removal of the action." (emphasis added).

plaintiff when the policy reasons for removal, on diversity grounds, is no longer supported. However, given the specific limitation on its application, courts have grappled with how to apply the forum defendant rule if there is a dispute about whether forum defendants have been properly joined and/or served.

In *Phillips Construction, LLC,* Judge Johnston outlined the lack of clear instruction from the Fourth Circuit and the varying approaches that different circuits and district courts have taken on issues of removal and interpretation of the forum defendant rule.[7]   Given the clear language of the text along with the ramifications of applying that rule to cases with only forum defendants, the court recognized the plain meaning but found that exceptions compelled an application outside the plain meaning.

As detailed by Judge Johnston, and endorsed herein, a literal reading of the statute that permits pre-service removal by solely forum defendants is contrary to its purpose.   "Rather than place a limit on diversity jurisdiction—as intended by the addition of this language—pre-service removal expands diversity jurisdiction by permitting adroit forum defendants to remove diversity actions." *Id.* at 554.   Further, this would produce untenable and absurd results.   Thus, a literal reading of the statute, under the facts presented, is improper.[8] *Id.*   Accordingly, Judge Johnston held, and this Court reaffirms today, that in cases involving *only* resident defendants, the forum

---

7 Judge Johnston organized the judicial rulings into three primary categories: (1) courts that find the "properly joined and served" language of §1441(b)(2) permits improperly served or joined resident defendants to remove a case and apply the plain meaning of the forum defendant rule; (2) courts that similarly find the language permits pre-service removal but do not apply the plain meaning given that it produces absurd results and results contrary to congressional intent; and (3) courts that analyze the statue to find that it permits pre-service removal because the forum defendant rule is conditioned upon service of at least one defendant. *Phillips Construction, LLC*, 93 F. Supp. 3d at 549-53.

8 In his opinion, Judge Johnston detailed the proper standard for applying exceptions to the plain meaning rule and analyzed the relevant considerations at length. *Phillips Construction*, *LLC*, 93 F. Supp. 3d at 553-54.   Rather than reiterate the same analysis, the Court adopts the prior analysis given the striking similarities in the questions before the Court in each case.

defendant rule precludes "resident defendants from removing an action pursuant to diversity jurisdiction before effectuation of service." *Id.* at 556, 556 n.3.

This conclusion is bolstered by analyzing it with the Northern District of West Virginia's handling of a similar, but distinguishable, circumstance in *Bloom v. Library Corp.*, 112 F. Supp. 3d 498 (N.D.W.Va. 2015). There, the court denied a motion for remand, when the case was removed prior to service on a resident defendant. *Bloom*, 112 F. Supp. 3d at 506. Critically, however, while the non-served defendant was a resident of West Virginia, the served defendant was a citizen of Florida. *Id.* Therefore, the forum defendant rule did not preclude removal when a non-forum defendant removed the matter, and the forum defendant was not properly joined and served. *Id.*

It follows, in the instant case, that Defendants' arguments, about the alleged improper service on Defendant Hagewood, and fraudulent joinder of Defendant Glacier Resources, LLC, would be persuasive only if there was an additional non-resident defendant. As discussed, there was none. Put simply, the Defendants' argument appears to be that *zero* properly joined and served defendants existed at the time of removal.[9] By definition, absent *any* proper defendants, federal jurisdiction cannot be established. Without establishing federal jurisdiction, remand is required.

To circumvent this reality, the Defendants seemingly attempted to manufacture jurisdiction by adding a non-forum state third party defendant. However, multiple logical and legal hurdles

---

[9] The Defendants appear to try to have it both ways. In the *Notice of Removal*, they utilize the service on diverse parties as a basis of their removal, and do not mention any potential deficiencies in the service or joinder of the parties. These arguments are only raised once the Plaintiffs moved for remand. While this failure to mention issues in the notice of removal is not dispositive, on a preponderance of evidence standard where doubts are to be resolved in favor of remand, it partially undermines the Defendants' ability to meet their burden.

preclude this maneuver.   The Supreme Court has held that a third-party defendant, brought into the claim for the first time with the counterclaim, is prohibited from removing a case under the removal statute. *Home Depot U.S.A., Inc., v. Jackson*, 139 S.Ct. 1743, 1748 (2019).   However, even if this was permissible, it is not what happened here.   In this case, it is not the third-party defendant removing the matter, but it is the original Defendants attempting to utilize the status of the third-party defendant to justify their efforts at removal.   Further, unlike cases where there are both forum and non-forum defendants, when the *only* defendants are forum defendants, it defeats the purpose of the rule and removal statute to allow those forum defendants to remove the case, add a third-party defendant, and use that third-party defendant to establish the basis for removal. Again, diversity must be established at the time of removal.

This is particularly appropriate considering the unequivocal instruction that the removal statute is to be construed narrowly, and doubts are to be resolved in favor of remand.   *Phillips Construction, LLC,* 93 F. Supp. 3d at 547 (citing cases).   Accordingly, the Court cannot endorse such procedural maneuvering to manufacture federal jurisdiction where it should not exist. Instead, the Court must resolve this situation in favor of the retained jurisdiction of the state court.

Additionally, the Defendants' curious reliance on the last served defendant rule is entirely misplaced, and therefore does not factor into the Court's analysis.   The last served defendant rule relates to the timeliness of filing and has no bearing on the *substantive* basis for removal. Generally, each defendant has thirty (30) days after service of the initial pleading or summons to file a notice of removal. 28 U.S.C. § 1446(b)(2)(B).   The last served defendant rule provides that "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier served defendant may consent to the removal even though that earlier served defendant

did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).   Again, this rule has *no* bearing on whether removal was appropriate in this case.   This rule simply alters the timeframe under which a case may be removed and provides an opportunity for an earlier served defendant to join a later-served defendant's efforts to remove a case.   That issue is not presented here.   Even accepting the arguments that Defendant Hagewood was never served, and Defendant Glacier Resources was improperly joined, there is no later served defendant who has removed the case.   Instead, Defendants appear to argue that service on JJ Resources, Inc., has somehow implicated the removability of the case.   But JJ Resources, Inc., did not file for removal, the Defendants did.   The argument blatantly misrepresents the effect of the last served defendant rule and has no relevance to the substantive legal analysis.

Finally, while the Plaintiffs' motion raised an additional procedural argument regarding the timeliness of the Defendants' removal, because substantively the forum defendant rule prohibits the removal of this action and the Court never held original jurisdiction, the Court need not determine whether the removal was timely.

### B.  Attorney's Fees

In addition to its motion to remand, Plaintiffs seek attorney's fees incurred in connection with the improper removal of this action.   They argue that the Defendants lacked an objectively reasonable basis for seeking removal based on where each Defendant is domiciled and because the removal was untimely.   The Defendants argue that even if the Court determines removal was improper, attorney's fees are unwarranted because there is no evidence of bad faith on their part and their arguments were objectively reasonable even if the Court ultimately disagrees with their

merit.   Further, they argue that the Plaintiffs are engaged in gamesmanship and the Defendants' counterclaim against the Plaintiffs demonstrates the Plaintiffs' bad faith in this action.

"An order remanding the case may require payment of just costs and any actual expenses including attorney's fees, incurred as a result of removal." 28 U.S.C. § 1447(c).   The Fourth Circuit has held that 28 U.S.C. § 1447(c) "provides the district court with discretion to award fees when remanding a case" where it finds such awards appropriate.   *In re Lowe*, 102 F.3d 731, 733 n.2 (4th Cir. 1996).   A court does not "abuse its discretion in denying party's motion for attorney fees incurred as result of removal of action which was remanded to state court where there was no evidence of bad faith on part of parties, and it was not obvious that federal jurisdiction in action was lacking." *Id.*   The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.   Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).

Here, questions remain on the appropriateness of an award of attorney's fees.   Given the Defendants' misapplication of clearly established law, it may have been clear that federal jurisdiction was lacking.   Therefore, despite remanding this matter to the state court, the Court retains jurisdiction of the issue of attorney's fees for consideration, should the Plaintiffs pursue such an award.   While the parties have briefly discussed the applicability of a fee award, the Court finds that the parties should be entitled to a full briefing on the matter prior to the Court reaching a decision.

## CONCLUSION

Wherefore, after careful consideration, the Court **ORDERS** that the *Plaintiffs' Motion to Remand to State Court* (Document 5) be **GRANTED** and that this case be **REMANDED** to the Circuit Court of Fayette County, West Virginia, for all matters aside from the question of both the appropriateness and the amount of an award of attorney's fees associated with removal and remand.   The Court further **ORDERS** that if the Plaintiffs want to pursue attorney's fees, they shall file a memorandum regarding the appropriateness of an award along with documentation regarding costs and fees associated with the motion within fourteen (14) days of the entry of this order, after which the standard briefing schedule shall apply.   The Court **ORDERS** that any other pending motions between the parties be **TERMINATED AS MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record, to any unrepresented party, and to the Clerk of Circuit Court of Fayette County, West Virginia.

ENTER:    June 29, 2022.

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

12